**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Anacapa Technology, Inc., a Nevada corporation, as assignee of Anacapa Nevada, Inc. a Nevada corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ADC Telecommunications, Inc., a Minnesota corporation,<br><br>Defendant and Counter-Plaintiff. | Civil No. 01-CV-729 DSD/SRN<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, the proceedings in this action, and in the related arbitration between the parties currently pending before arbitrators Thomas Fraser, Bruce Little, and Lewis Remele (respectively, "the Arbitration", and "the Arbitration Panel"), may involve the production or disclosure of confidential business information, trade secrets, and other sensitive or proprietary information, and the parties wish to provide for the protection of such confidential information,

IT IS THEREFORE STIPULATED AND AGREED by and among the parties, through their respective counsel of record, as follows:

1. ALL CONFIDENTIAL INFORMATION (as defined in Paragraph 3 of this Order) produced or exchanged in the course of this litigation or the Arbitration shall be used solely for the purpose of this litigation or the Arbitration; provided, however, that this restriction shall not operate to preclude counsel, party representatives or others who have access to such CONFIDENTIAL INFORMATION pursuant to this Protective Order from participating in other proceedings or matters. CONFIDENTIAL INFORMATION may not be used for any other purpose, except as expressly provided herein or by further order of this Court or the Arbitration Panel.

2. In the event that counsel for a party deems it necessary to disclose CONFIDENTIAL INFORMATION in another contested proceeding among any of the parties to this case, such counsel shall notify counsel for the producing party in writing of (i) the information or documents to be

FILED AUG 0 2 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

disclosed, and (ii) the forum in which it seeks to disclose it. The producing party shall have ten (10) business days in which to advise the party seeking to disclose such information whether it objects to such disclosure. If agreement cannot be reached, the party seeking to prevent disclosure of such information may move this Court for a ruling as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. An expedited briefing schedule shall apply to such a motion, and the opposition brief, if any, shall be filed within ten (10) business days of service of the motion seeking authorization to disclose the information.

3. (a) Any information recorded in any form or any portion thereof, including any form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure, which, in the good faith opinion of the party providing such information or discovery or to whom that information belongs (the "producing party"), contains any trade secret or other confidential research, development or commercial information may be designated by the producing party as CONFIDENTIAL INFORMATION in accordance with sub-paragraphs (b)-(e) that follow:

(b) In designating information as CONFIDENTIAL INFORMATION, the producing party will make a further designation into the categories "CONFIDENTIAL UNDER PROTECTIVE ORDER" and 'CONFIDENTIAL UNDER PROTECTIVE ORDER - COUNSEL ONLY";

(c) Information designated "CONFIDENTIAL UNDER PROTECTIVE ORDER" may be disclosed to all "Qualified Persons" as defined in Paragraph 5 herein and to no other person; and

(d) Information designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER - COUNSEL ONLY" may be disclosed to no person other than those Qualified Persons identified in Paragraphs 5(a), 5(b), 5(d), 5(e), and 5(f) herein.

(e) Information designated "CONFIDENTIAL UNDER PROTECTIVE ORDER" hereunder shall include all information, documents, deposition testimony and other materials produced or otherwise conveyed during this litigation and so designated in good faith by the producing party that includes a producing party's confidential technical, business or other information. The designation "CONFIDENTIAL INFORMATION UNDER PROTECTIVE

ORDER - COUNSEL ONLY" may be used for a producing party's highly sensitive: future business plans; market forecasting data; sales and marketing strategies; information regarding non-public business transactions; profitability, customer-specific royalty and sales data; domestic and international tax structuring; non-published research activities; non-commercialized products; pending, non-public patent applications and related prosecution documents; and non-published research reports and data.

4. CONFIDENTIAL INFORMATION may be made available subject to this Protective Order as follows:

(a) Any document or tangible thing comprising or containing CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking upon each page of the document or by affixing to each thing a notice in the following form or to similar effect:

"CONFIDENTIAL UNDER PROTECTIVE ORDER"

or

"CONFIDENTIAL UNDER PROTECTIVE ORDER - COUNSEL ONLY"

In the case of non-parties who produce documents in this litigation or the Arbitration, such document or tangible thing shall also include the designation "(Produced by [insert name])."

(b) At the option of the producing party, documents may be produced for inspection prior to supplying copies, in which case inspection of the producing party's documents and things shall in the first instance be only by those Qualified Persons identified in Paragraphs 5(a), 5(b), or 5(f), herein.

(c) In lieu of marking as Confidential the original of a document which contains CONFIDENTIAL INFORMATION prior to inspection, counsel for the producing party may orally designate such documents being produced for inspection as containing CONFIDENTIAL INFORMATION, thereby making them subject to this Order; however, in the event inspecting counsel requests copies of any such documents, such copies must be marked "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "CONFIDENTIAL UNDER PROTECTIVE ORDER - COUNSEL ONLY" by the producing party in order to make such copies subject to this Order.

(d) Testimony or information disclosed at a deposition may be designated by the producing party as CONFIDENTIAL INFORMATION by indicating on the record at the deposition the specific testimony which contains CONFIDENTIAL INFORMATION that is to be made subject to the provisions of this Order. Alternatively, a producing party may designate testimony or information disclosed at a deposition as CONFIDENTIAL INFORMATION by notifying all parties, in writing, within seven (7) business days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript which contain CONFIDENTIAL INFORMATION and such portions will be separately bound. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER from the taking of the deposition until twenty (20) days after receipt of the transcript.

(e) In the case of responses to interrogatories, requests for admission or other discovery responses, affidavits, declarations, briefs, memoranda, exhibits or other papers filed with this Court or the Arbitration Panel, information contained therein may be designated as CONFIDENTIAL INFORMATION by prominently marking such document "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "CONFIDENTIAL UNDER PROTECTIVE ORDER - COUNSEL ONLY."

(f) This Order does not require production of (i) attorney work product material or (ii) materials or information covered by the attorney-client privilege. Such materials may continue to be withheld from discovery by any party, unless the Court or the Arbitration Panel orders otherwise.

5. Documents and things designated as CONFIDENTIAL INFORMATION, copies thereof, the information contained therein, and any analysis or report pertaining thereto shall only be disclosed to or made available to "Qualified Persons." "Qualified Persons" as used in this Order means:

(a) Outside counsel for a party, as well as regularly employed staff and supporting personnel of such attorneys who are working directly on this litigation under the supervision of such

attorneys and to whom it is necessary that CONFIDENTIAL INFORMATION be disclosed for purposes of this litigation;

(b) Persons retained by a party or its attorneys of record in this litigation for the purposes of assisting in the preparation of this litigation for trial, such as economic or scientific experts or technical advisors and independent accountants together with their assistants, stenographic or clerical personnel, and who are not otherwise employees of a party;

(c) Subject to the provisions of Paragraph 6 of this Order, persons currently or previously employed by, or acting as an independent contractor or consultant to, a party, or persons identified in one of the parties' Rule 26(a)(1) disclosures, to whom it is necessary that CONFIDENTIAL INFORMATION be disclosed for purposes of this litigation;

(d) This Court and Court Personnel, and the Arbitration Panel and their assistants and supporting personnel;

(e) Stenographic reporters and videographers retained to record and/or transcribe testimony in this action; and

(f) Any other person who is designated as a Qualified Person by order of this Court, after notice to all parties.

6. All "Qualified Persons" receiving any information subject to this Protective Order shall sign an acknowledgement, in the form of Exhibit A or Exhibit B to this Order, as appropriate, that they will abide by the terms and conditions of this Order. Should a receiving party find it necessary, in accordance with Paragraph 5(c) of this Order, to disclose a producing party's CONFIDENTIAL INFORMATION to a person currently or previously acting as an independent contractor or consultant to the receiving party who was not identified in one of the parties' Rule 26(a)(1) disclosures, the receiving party shall, at least three (3) business days before disclosing any CONFIDENTIAL INFORMATION:

(a) Serve a notice on the producing party, identifying the intended recipient of the CONFIDENTIAL INFORMATION, his or her business address and his or her present employer and position;

(b) Designate in such notice the general nature of the CONFIDENTIAL INFORMATION proposed to be disclosed; and

(c) Include with such notice a document signed by the person to whom disclosure is to be made in the form of Exhibit B to this Order and including all the information to be completed therein.

7. There shall be no disclosure of CONFIDENTIAL INFORMATION to any intended recipient subject to paragraph 6 of this Order except: (i) by agreement between outside counsel; or (ii) until after three (3) days from service of the notice unless the producing party objects to the proposed disclosure within the three (3) day period. If the producing party objects to the proposed disclosure, or to any portion thereof, then it shall make an objection within three (3) days of service of the notice and shall confer with the proponent of the proposed disclosure in a good faith effort to resolve the issue. If the parties cannot resolve the issue, the producing party shall serve a Motion for a further Protective Order within six (6) days from service of the notice. If a Motion for a further Protective Order is served, the disclosure of that portion of CONFIDENTIAL INFORMATION that is the subject of the Motion shall not be made except upon further Order of this Court. The burden shall be on the objecting party to show the Court why the disclosures should not be made.

8. Any information designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "CONFIDENTIAL UNDER PROTECTIVE ORDER - COUNSEL ONLY" shall not be disclosed or made available to persons other than (i) to those persons permitted under Paragraph 3(c) and 3(d) of this Order, respectively, (ii) to an author of such information and/or their individual attorney, (iii) to a person identified on such information as a recipient of it and/or their individual attorney, or (iv) to the producing party or its employees, officers or agents. These restrictions shall not apply to:

(a) Any information which at time of the disclosure to a receiving party is in the public domain;

(b) Any information which after disclosure to a receiving party becomes part of the public domain as a result of a publication not involving a violation of this Order;

(c) Any information which was received by and from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or,

(d) Any information which was independently developed by the receiving party.

9. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the party designating the information as CONFIDENTIAL INFORMATION consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. If a recipient of CONFIDENTIAL INFORMATION is requested to produce such information by subpoena, the receiving party shall immediately notify counsel for the producing party by facsimile of such subpoena, and the receiving party shall not disclose any such CONFIDENTIAL INFORMATION to a third party without providing the producing party a reasonable period of time of no less than ten (10) business days to object to such disclosure. In any event, if any such CONFIDENTIAL INFORMATION is disclosed to a third party it can only be disclosed under the terms of a protective order containing substantially similar protections as this Protective Order.

10. If counsel for a party deems it necessary to disclose any information of the producing party designated CONFIDENTIAL INFORMATION to any person not a Qualified Person, said counsel shall notify counsel for the producing party in writing of (i) the information or documents to be disclosed, and (ii) the information specified in paragraph 6(a) of this Order, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party seeking to make the disclosure shall move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure, and the disclosure shall not be made until that motion is decided and the Court so orders.

11. The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL INFORMATION, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Upon discovery of inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate to restore the confidentiality of the inadvertently disclosed information.

12. If a party, after production, asserts a claim of privilege or work product with respect to any document or information produced inadvertently, it must promptly notify all receiving parties in

writing. Each receiving party shall then have three (3) business days in which to notify the producing party whether it will recognize or refuse to recognize such privilege or immunity. If any receiving party refuses to recognize such privilege or immunity, the producing party shall have ten (10) business days from receipt of such refusal from the receiving party to move the Court for an order maintaining or restoring the privileged status of such material in this action. If the producing party fails to so move the Court within ten (10) business days from receipt of such refusal from the receiving party, the receiving parties shall be free to treat such material as nonprivileged in this action. All material produced and subsequently maintained or restored as privileged or immune from discovery, whether by consent of the parties or by Court order, shall be returned to the producing party, and all copies or summaries thereof immediately destroyed.

13. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to this litigation or the Arbitration disagrees at any point in these proceedings with the designation by the producing party of any information as CONFIDENTIAL INFORMATION, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the producing party may seek appropriate relief from this Court. Any party may request resolution of any disputes arising out of or related to this Protective Order be resolved by telephone conference with the Court or the most expeditious methods amenable to the Court. The producing party shall bear the burden of establishing the propriety of any challenged designation.

14. The parties may provide by stipulation for exceptions to this Order, and any party may seek an Order of this Court modifying this Protective Order. This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the restrictions provided herein or to impose additional restrictions on the disclosure of any information or material produced.

15. The Clerk of the Court is directed to maintain under seal all information, including but not limited to, transcripts, exhibits, documents, objects, materials and papers filed with the Court in this litigation which have been designated, in whole or in part, as CONFIDENTIAL

INFORMATION by a party to this action. To assist the Clerk, any document or object which a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "CONFIDENTIAL UNDER PROTECTIVE ORDER - COUNSEL ONLY" and a statement substantially in the following form:

> This envelope containing documents which are filed in this case by [name of party] is not to be opened nor the contents thereof to be displayed or revealed except by order or under direction of the Court.

16. If a party wishes to use any CONFIDENTIAL INFORMATION in any affidavit, declaration, exhibit, memoranda of law, or other paper filed in Court in this litigation or the Arbitration, such CONFIDENTIAL INFORMATION used therein shall be filed under seal and maintained under seal by the Court and/or the Arbitration Panel, except however, that the provisions of Paragraph 17 herein will control in the case of trial, hearing, or the Arbitration hearing.

17. Nothing in this Order shall prevent a party from using any document or information which has been designated "CONFIDENTIAL UNDER PROTECTIVE ORDER" or CONFIDENTIAL UNDER PROTECTIVE ORDER - COUNSEL ONLY" at a trial, hearing, or the Arbitration hearing. However, the manner in which CONFIDENTIAL INFORMATION is to be disclosed at a trial, hearing, or the Arbitration hearing will be determined by the Court, the Arbitration Panel, or by agreement of the parties.

18. Within sixty (60) days after the conclusion of contested proceedings between any of the parties by mandate following an appeal, judgment if no appeal is taken, settlement, or otherwise, all originals and reproductions of any documents and things, or portions thereof, produced by a party shall either be returned to that party or destroyed by the receiving party and a certification in writing sent to the producing party stating that such documents have been destroyed; provided, however, that counsel to each party may each retain one complete set of correspondence, pleadings and any exhibits thereto, including motions, generated in connection with the litigation and/or the Arbitration. Insofar

as the provisions of any Protective Order entered in this action and/or the Arbitration, restrict the communication and use of the documents produced hereunder, such Order shall continue to be binding after the conclusion of this litigation and the Arbitration except that a party may seek the written permission of the producing party or further order of the Court or, as appropriate the Arbitration Panel, with respect to dissolution or modification of such Protective Order.

19. Upon the conclusion of this litigation and either (i) the expiration of the time to file a notice of appeal, if no appeal is filed, or (ii) if an appeal was filed, the filing of the mandate or final order from the Court of Appeals if the case is not reopened as a result of the terms of the mandate or order, all CONFIDENTIAL INFORMATION filed under seal with the Court shall be returned to the party that filed it, provided that if the person to whom it is to be returned fails to remove the CONFIDENTIAL INFORMATION after notice, it shall be destroyed to the extent allowed under the Local Civil Rules of this Court; provided, however, that counsel to each party may each retain one complete set of correspondence, pleadings and any exhibits thereto, including motions, generated in connection with the litigation and/or the Arbitration.

20. Nothing in this order shall restrict any attorney in this action from rendering advice to his/her client with respect to this litigation and in the course thereof, referring to or relying upon his/her examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content or the source of any CONFIDENTIAL INFORMATION, unless the client personnel with whom counsel is communicating is permitted to receive such CONFIDENTIAL INFORMATION as a Qualified Person under paragraphs 5(a), 5(c), or 5(f) hereof in the case of "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER" or under paragraph 5(a) or 5(f) hereof in the case of "CONFIDENTIAL INFORMATION - COUNSEL ONLY."

21. A copy of this Protective Order shall be furnished to each non-party required to produce documents in this litigation. Such non-parties may produce documents designated as "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER (Produced by [insert name])" or "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER - COUNSEL ONLY (Produced by [insert name])" pursuant to the terms of this Protective Order and all such information

shall be treated in accord with this Protective Order. A non-party's confidentiality designations shall be subject to review as provided in paragraph 14 of this Order.

22. If counsel for a party deems it necessary to disclose any information of another party designated CONFIDENTIAL INFORMATION to a non-party witness not otherwise entitled to receive such information under the provisions of this Protective Order, said counsel shall notify counsel for the producing party in writing of the information or documents to be disclosed and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party seeking to make the disclosure may move the Court or the Arbitration Panel to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure, and it shall not make the disclosure unless that motion is granted. Prior to being provided access to any CONFIDENTIAL INFORMATION, all non-party witnesses must execute the acknowledgement to be bound in the form attached as Exhibit A or orally agree to its contents on the record during deposition or trial.

23. Discovery in this proceeding of a non-party may involve receipt of information, documents, things or testimony which include or contain CONFIDENTIAL INFORMATION of a party. All discovery of non-parties, therefore, shall be treated by the parties as if it had been designated "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER - COUNSEL ONLY" for a period of ten (10) days from the production of such information, documents or things or the transcript of such testimony. During such ten (10) day period, or longer time period to which the parties may agree, each party may designate some or all of the information, documents, things or testimony provided by the non-party as the "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER" or "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER - COUNSEL ONLY" of the designating party.

24. Nothing in this Order shall be construed as an agreement or admission that: (i) any information, document or the like designated as CONFIDENTIAL INFORMATION by an opposing party is, in fact, confidential or a trade secret; or (ii) the document, information, or the like is competent, relevant or material. Furthermore, neither the entry of this Order nor the designation of any information, document or the like as CONFIDENTIAL INFORMATION (or the failure to make

such designation) shall constitute any evidence or admission with respect to any issue in this litigation.

Dated: ~~July~~ August 1, 2001

**ANTHONY OSTLUND & BAER P.A.**

Norman J. Baer (#163715)
Karlyn Vegoe Boraas (#241507)
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 349-6969
Fax: (612) 349-6996

**ATTORNEYS FOR PLAINTIFF AND COUNTER- DEFENDANT ANACAPA TECHNOLOGY, INC.**

Dated: ~~July~~ August 1, 2001

**FAEGRE & BENSON, LLP**

Randall E. Kahnke, #202745
Kerry L. Bundy, #266917
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 336-3000
Fax: (612) 336-3026

**ATTORNEYS FOR DEFENDANT AND COUNTER-PLAINTIFF ADC TELECOMMUNICATIONS, INC.**

IT IS SO ORDERED

Dated: Aug. 2, 2001

The Honorable Susan Richard Nelson
United States Magistrate Judge

**EXHIBIT A**
**NON-DISCLOSURE AGREEMENT**

I, ______________________________________________, do solemnly swear that I am fully familiar with the terms of the Protective Order entered by Court in Anacapa Technology, Inc., a Nevada corporation, as assignee of Anacapa Nevada, Inc. a Nevada corporation, Plaintiff and Counter-Defendant v. ADC Telecommunications, Inc., a Minnesota corporation, Defendant and Counter-Plaintiff, Civil No. 01-CV-729 DSD/SRN, United States District Court for the District of Minnesota and hereby agree to comply with and be bound by the terms of that Order unless and until modified by further Order of this Court. I acknowledge that I am about to receive information in that action and/or the related arbitration designated CONFIDENTIAL UNDER PROTECTIVE ORDER and/or CONFIDENTIAL UNDER PROTECTIVE ORDER – COUNSEL ONLY, and certify my understanding that such information is being provided to me pursuant to the terms of the Protective Order and that such information can be used by me only for purposes permitted by the Protective Order. I understand that such information and any copies I make of any documents containing CONFIDENTIAL INFORMATION or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other Qualified Persons as defined in the Protective Order, nor shall I disclose any information designated CONFIDENTIAL UNDER PROTECTIVE ORDER – COUNSEL ONLY to any person except persons qualified to receive such information pursuant to the Protective Order. Upon request by counsel for the party by whom I have been retained or employed in this action after conclusion of this litigation by mandate following an appeal, judgment if no appeal is taken, settlement or otherwise, I will: (1) return all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I have been retained or from whom I have received such material; or (2) certify that all such documents have been destroyed. I hereby submit to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing the Protective Order.

Dated: Signed: ______________________________

Business Address: ______________________________

Employer: ______________________________

**EXHIBIT B**
**NON-DISCLOSURE AGREEMENT**

I, ______________________________________________, do solemnly swear that I am fully familiar with the terms of the Protective Order entered by Court in Anacapa Technology, Inc., a Nevada corporation, as assignee of Anacapa Nevada, Inc. a Nevada corporation, Plaintiff and Counter-Defendant v. ADC Telecommunications, Inc., a Minnesota corporation, Defendant and Counter-Plaintiff, Civil No. 01-CV-729 DSD/SRN, United States District Court for the District of Minnesota and hereby agree to comply with and be bound by the terms of that Order unless and until modified by further Order of this Court. I acknowledge that I am about to receive information in that action and/or the related arbitration designated CONFIDENTIAL UNDER PROTECTIVE ORDER, and certify my understanding that such CONFIDENTIAL INFORMATION is being provided to me pursuant to the terms of the Protective Order and that such information can be used by me only for purposes permitted by the Protective Order. I understand that such information and any copies I make of any documents containing CONFIDENTIAL INFORMATION or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in the Protective Order. Upon request by counsel for the party from whom I have received such material after conclusion of this litigation by mandate following an appeal, judgment if no appeal is taken, settlement or otherwise, I will: (1) return all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party from whom I have received such material; or (2) certify that all such documents have been destroyed. I hereby submit to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing the Protective Order.

Dated: Signed: ______________________________

Business Address: ______________________________

Employer: ______________________________

M2:20399715.02

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500