UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-729(DSD/SRN)

Anacapa Technology, Inc, a Nevada corporation, as assignee of Anacapa Nevada, Inc., a Nevada corporation,

Plaintiff,

v.

**ORDER**

ADC Telecommunications, Inc., a Minnesota corporation,

Defendant.

Norman J. Baer, Esq., Karlyn V. Boraas, Esq. and Anthony, Ostlund & Baer, 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402, counsel for plaintiff.

Randall E. Kahnke, Esq., Kerry L. Bundy, Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for partial summary judgment of plaintiff and counter-defendant Anacapa Technology, Inc. ("Anacapa") and upon the motion for partial summary judgment of defendant and counter-plaintiff ADC Telecommunications, Inc. ("ADC"). Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies Anacapa's motion for partial summary judgment and grants ADC's motion for partial summary judgment.

AUG 2 8 2003
FILED
Richard D. Sletten, CLERK
Judgment Ent'd.
Deputy Clerk's Initials

## BACKGROUND

Anacapa licensed Background Thermal Transfer Technology ("BTTT") and Generated Thermal Transfer Technology, collectively referred to as Thermal Transfer Technology ("TTT"), to ADC for use in repeater housings.[1] In exchange, ADC agreed to pay Anacapa royalties and to protect Anacapa's confidential information. ADC "outsourced" the manufacture of repeater housings with Anacapa's TTT to Special Products Company ("SPC"), a manufacturer and seller of repeater housings. Through ADC's agreements with SPC, ADC sublicensed Anacapa's TTT to SPC with certain use restrictions.

Anacapa discovered that SPC was making and selling repeater housings that incorporated Anacapa's TTT in violation of the use restrictions. Anacapa then alleged that ADC materially breached its license agreement by not adequately protecting Anacapa's confidential information. To settle the dispute, Anacapa and ADC engaged in arbitration. The arbitrators found that ADC materially breached the agreement (1) by failing to require SPC to treat as confidential the Anacapa Confidential information as defined in ¶ 10.2(a) of the agreement and (2) by failing to maintain reasonably adequate procedures to prevent loss or unauthorized disclosure of Anacapa's confidential information.

---

[1] Repeaters are used within phone line networks to boost and transmit telecommunication signals. Repeater housings protect repeaters from outside such elements such as weather an rodents.

After the arbitrators issued their findings, Anacapa sent ADC notice that if it did not cure the breach within a 30-day cure window, the agreement would terminate. ADC then brought a motion of summary judgment before this court, arguing that it had cured the breach. To determine whether ADC had cured its breach, the court evaluated the "notwithstanding clause" in ¶ 10.2(a)of the agreement between ADC and Anacapa. Article 10 of the agreement provides, in relevant part:

> 10.2 ANACAPA CONFIDENTIAL INFORMATION
>
> a.... "Confidential Information" shall not include information which:
> (1) Is at the time of disclosure, or thereafter becomes, a part of the public domain through no act or omission by ADC, recognizing that the act of copyrighting in itself does not cause the copyrighted material to be in the public domain;
>
> (2) Is lawfully in the possession of ADC prior to disclosure by ANACAPA as shown by written records; or
>
> (3) Is lawfully disclosed to ADC by a third party which did not acquire the same under an obligation of confidentiality from or through ANACAPA; or
>
> (4) Is independently developed by or on behalf of ADC without reference to Confidential Information received hereunder.
>
> Notwithstanding the above exceptions, any and all Background Thermal Transfer Technology shall also be included within the definition of ANACAPA Confidential Information.

(Kahnke Aff. Ex. 3 at 20-21.)

In its January 2003 order, the court concluded that the "notwithstanding clause" does not include information already within the public domain or information independently developed by SPC within the definition of Anacapa's confidential information, even if that information relates to BTTT. Anacapa Tech., Inc. v. ADC Telecomm., Inc., 241 F. Supp. 2d 1016, 1023-24 (D. Minn. 2002). The court then held that ADC had cured its breach through substantial performance or performance without material failure and granted ADC's motion for summary judgment. (Id. at 1025.)

The parties now dispute whether the court's interpretation of the "notwithstanding clause" in the January 2003 order entitles Anacapa to terminate the agreement pursuant to paragraph 12.3 of their agreement; the parties cross-move for summary judgment. Paragraph 12.3 provides:

> The provisions of this Agreement shall be deemed separable. Therefore, if any part of this Agreement is rendered void, invalid or unenforceable, such rendering shall not affect that validity or enforceability of the remainder of this agreement; provided that if the part or parts which are void, invalid, or unenforceable as aforesaid shall substantially impair the value of the whole agreement to either Party, that Party may cancel and terminate the Agreement in total by giving written notice to the other party.

(Kahnke Aff. Ex. 3 at ¶ 12.3.)

Anacapa alleges that the court's construction of the "notwithstanding clause" rendered the clause void, invalid, or unenforceable. (Anacapa's Mem. Supp. Mot. Partial Summ. J. at 29.)

Anacapa further alleges that the court's determination substantially impaired the value of the whole agreement to Anacapa because it substantially altered the protection of Anacapa's confidential information. (Id.) Anacapa therefore asserts that it should be able to terminate the agreement pursuant to ¶ 12.3.

ADC alleges that Anacapa's motion for summary judgment is really a motion for reconsideration of the court's January 2003 order. (ADC's Mem. Opp'n Anacapa's Mot. Partial Summ. J. at 2.) ADC asserts that the court properly rejected Anacapa's interpretation of the "notwithstanding clause" and should not reconsider the matter. (Id. at 26.) ADC further alleges that Anacapa has not satisfied the conditions for termination under ¶ 12.3 and therefore should not be able to terminate the agreement. (Id. at 11.) After careful review, the court denies Anacapa's motion for partial summary judgment and grants ADC's motion for partial summary judgment.

## DISCUSSION

### I. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

## II. Reconsideration of the Court's January 22, 2003 Order

As a primary matter, the parties dispute whether Anacapa's summary judgment motion is really a motion for reconsideration of the court's January 22, 2003, order. While Anacapa argues that it

has not moved for reconsideration in its summary judgment motion, Anacapa welcomes the court to reconsider its previous order. (See, e.g., Anacapa's Mem. Law Opp'n Mot. Partial Summ. J. at 13-35.) Pursuant to Local Rule 7.1(g), motions to reconsider are prohibited except by express permission of the court, which will be granted only upon a showing of "compelling circumstances." Local Rule 7.1(g). In its summary judgment motion, Anacapa has not requested permission to file a motion to reconsider, and even if it had, the court would have denied that motion because the court finds that no compelling circumstances exist that would justify reconsideration of this matter.[2] See Local Rule 7.1(g). The court therefore declines to reconsider its January 2003 order.

**III. Termination Under § 12.3**

In Count III of Anacapa's Second Amended and Supplemental Complaint, Anacapa seeks a declaration that the ADC-Anacapa agreement has been terminated pursuant to paragraph 12.3. Anacapa now moves for partial summary judgment on that count. ADC opposes Anacapa's motion and cross-moves for partial summary judgment on Count III, arguing that ADC is not entitled to terminate the agreement under ¶ 12.3 of the parties' agreement. After careful review of the file, record and proceedings herein, including the relevant contract provisions, the court denies Anacapa's motion for

[2]The court has already denied a subsequent motion by Anacapa for reconsideration of the court's January 22, 2003, order.

partial summary judgment and grants ADC's motion for partial summary judgment.

**A. Rules of Contract Construction**

Under Minnesota law, the construction and effect of a contract is a question of law, unless a contract's terms are ambiguous. Jacobs v. Pickands Mather & Co., 933 F.2d 652, 657 (8th Cir. 1991); Servais v. T.J. Mgmt. of Minneapolis, Inc., 973 F. Supp. 885, 892 (D. Minn. 1997). A contractual term is ambiguous if it is susceptible to more than one interpretation. Brookfield Trade Ctr., Inc. v. County of Ramsey, 584 N.W.2d 390, 394 (Minn. 1998). The court determines whether a contract is ambiguous as a matter of law. Boat Dealers' Alliance, Inc. v. Outboard Marine Corp., 182 F.3d 619, 621 (8th Cir. 1999). Summary judgment is appropriate when a contract is unambiguous. See **Lehman Bros. Kuhn Loeb, Inc. v. Clark Oil and Ref. Corp.**, 739 F.2d 1313, 1317 (8th Cir. 1984).

In construing a contract, the court must "give effect to the intention of the parties as expressed in the language they used in drafting the whole contract." Art Goebel, Inc. v. N. Suburban Agencies, 567 N.W.2d 511, 515 (Minn. 1997). To ascertain the parties intentions, the court must interpret the contract as a whole and attempt to harmonize all the contract's terms. See, e.g., Jacobs, 933 F.2d at 657; Servais, 973 F. Supp. at 892; Chergosky v. Crosstown Bell, Inc., 463 N.W.2d 522, 525 (Minn. 1990); Brookfield, 584 N.W.2d at 394; S O Designs USA v.

Rollerblade, Inc., 620 N.W.2d 48, 53 (Minn. Ct. App. 2000); Republic Nat'l Life Ins. v. Lorraine Realty Corp., 279 N.W.2d 349, 354 (Minn. 1979).

The court must give the language of the contract its plain and ordinary meaning. See, e.g., id.; Brookfield, 584 N.W.2d at 394; Servais, 973 F. Supp. at 892; S O Design USA, 620 N.W.2d at 53. "It is not the function of courts to make contracts for litigants...." Kennedy v. G.F. Hasse, 114 N.W.2d 82, 87 (Minn. 1962). Nor can the court "rewrite, modify, or set aside contract provisions fully considered and agreed upon between the parties." Telex Corp. v. Data Prods. Corp., 135 N.W.2d 681, 687 (Minn. 1965). Instead, a court can only interpret and enforce contracts already made. Id.

If a contract is unambiguous, the parties to the agreement are entitled to rely solely on the clear wording of their agreement to define their rights and responsibilities thereunder. See, e.g., Metro. Sports Comm'n v. Gen. Mills, Inc., 470 N.W.2d 118, 123 (Minn. 1991)(stating that, where there is no ambiguity, the court must determine the parties' intentions from the language used); Farkas v. Hartford Accident & Indem. Co., 173 N.W.2d 21, 24 (Minn. 1969)(holding that "'[t]he contract rights of the parties must be determined from the language used in the contract where it is unambiguous....'")(quotation omitted). Under such circumstances, the rights and responsibilities of the parties are to be determined

by examining the four corners of the relevant documents. See, e.g., MacKenzie v. Summit Nat'l Bank, 363 N.W.2d 116, 121 (Minn. Ct. App. 1985)(holding that "'[p]eople who sign documents which are plainly written must expect to be held liable thereon. Otherwise written documents would be entirely worthless and chaos would prevail in our business relations.'")(quoting Watkins Prods., Inc. v. Butterfield, 144 N.W.2d 56, 58 (Minn. 1966)).

When interpreting a contractual provision, the court keeps in mind the principles that the law strongly disfavors forfeiture and that the party seeking forfeiture has the burden of proving a right to it. See, e.g., Philadelphia, W. & B.R. Co. v. Howard, 54 U.S. 307, 340 (1852)("The law leans strongly against forfeiture, and it is incumbent on the party who seeks to enforce one, to show plainly his right to it."); Naftalin v. John Wood Co., 116 N.W.2d 91, 100 (Minn. 1962). As the Seventh Circuit Court of Appeals stated in Lippo v. Mobil Oil Corp., "if there were two possible constructions [of a contract], only one of which will work forfeiture, the construction may be adopted that will avoid the forfeiture and preserve the rights of the parties." 776 F.2d 706, 715 (7th Cir. 1985).

Even when a contract contains an express termination provision, such a provision "'can be enforced only in strict compliance'" with its terms. Indianhead Truck Line, Inc. v. Hvidsten Trans., Inc., 128 N.W.2d 334, 343 (Minn. 1964)); Blaine

Econ. Dev. Auth. v. Royal Elec. Co., 520 N.W.2d 473, 476 (Minn. Ct. App. 1994)(quoting Indianhead, 128 N.W.2d at 343). The person seeking termination has the burden of proving a right to that remedy.[3] Naftalin, 116 N.W.2d at 100; Corbin on Contracts § 1266 (Interim Ed. 1993).

In this case, the parties agree that the language of the termination provision, ¶ 12.3, is unambiguous and they agree on the requirements of ¶ 12.3. The key question therefore is whether the requirements of § 12.3 have been satisfied.[4] The court now turns to that analysis.

**1. Notwithstanding Clause Not Void, Invalid or Unenforceable**

The court first evaluates whether the court's January 2003 order rendered the "notwithstanding clause" void, invalid or

[3] The parties dispute whether Anacapa must satisfy its burden by "clear and unmistakable proof" or by a preponderance of the evidence. ADC argues that Anacapa must prove the right to terminate by "clear and unmistakable proof," citing the Supreme Court's statement in Naftalin, 116 N.W.2d at 100, that "[o]ne claiming forfeiture carries a heavy burden of establishing his right thereto by clear and unmistakable proof." Anacapa argues that that standard only applies in cases such as Lippo, where there are two possible constructions of a contract, only one of which will result in forfeiture. Anacapa's argument fails, however, because the Minnesota Supreme Court in Naftalin did not so limit its holding. As a result, the court concludes that Anacapa must satisfy its burden by "clear and unmistakable proof." Even if the court were to apply a preponderance of the evidence standard, however, Anacapa cannot establish its right to terminate the contract.

[4] The parties do not dispute that Anacapa gave the requisite written notice of termination.

unenforceable. Anacapa argues that the court's order rendered the "notwithstanding clause" void, invalid or unenforceable because, according to Anacapa, the court rejected both parties' interpretation of the clause and then gave the clause its own meaning. (Anacapa's Mem. Supp. Mot. Partial Summ. J. at 21.) ADC responds that the court only interpreted the "notwithstanding clause" and never stated that it was declaring the clause invalid. ADC further asserts that the court's order did not render the "notwithstanding clause" void, invalid or unenforceable because the clause does not violate the law or contravene public policy. (ADC Mem. Opp'n Mot. Partial Summ J. at 13-14.) After careful review, the court concludes that no material and undisputed evidence illustrates that the court's January 2003 order rendered the "notwithstanding clause" void, invalid or unenforceable.

A contractual provision is void if it "'transgresses the law or contravenes public policy.'" Indep. Sch. Dist. No. 877 v. Loberg Plumbing & Heating Co., 123 N.W.2d 793, 799 (Minn. 1963)(quoting Northern Pac. Ry. Co. v. Thornton Bros. Co., 288 N.W. 226, 227 (Minn. 1939). For a provision to be void for public policy reasons, it "must be injurious to the public good or be subversive to sound morality." St. Paul Fire and Marine Ins. v. Fed. Deposit Ins. Co., 765 F. Supp. 538, 549 (D. Minn. 1991). "[W]here one interpretation of a contract will render it valid, and another construction will compel the conclusion that it is void,

the courts favor the interpretation that will give life, and not death, to the agreement of the parties." Intermountain Bldg. & Loan Ass'n v. Gallegos, 78 F.2d 972, 981 (9th Cir. 1935). Because the "notwithstanding clause" does not violate public policy or contravene the law, the court did not render the clause void, invalid or unenforceable.

Anacapa nevertheless argues that the court's January 2003 order invalidated the "notwithstanding clause," because, according to Anacapa, the court rejected both parties' interpretation of the clause and then gave the clause its own interpretation. That argument fails for two reasons. First, the court never rejected ADC's interpretation of the "notwithstanding" clause as a royalty guarantee or a quasi-noncompete in its January 2003 order. For purpose of its January 2003 order, the court needed to determine only whether Anacapa's interpretation of the "notwithstanding clause" was correct and, as stated, the court concluded that Anacapa's interpretation was not supported by the evidence and "defies common sense." (Kahnke Aff. Ex. 2 at 17.) The court did not have to make a finding on ADC's interpretation for purposes of its January 2003 order and the fact that the court did not explicitly adopt ADC's understanding does not mean that the court rejected that understanding or invalidated the "notwithstanding clause."

Second, contrary to Anacapa's assertion, the court did not rewrite or modify the "notwithstanding clause." Instead, the court interpreted the clause to assess the parties' intentions, giving the clause its plain and ordinary meaning. In so doing, the court rejected Anacapa's interpretation but did not invalidate the clause. See, e.g., Horton Mfg. Co. v. Tol-O-Matic, 973 F.2d 549, 651 (8th Cir. 1992)(affirming district court's interpretation of agreement and rejecting one party's "strained construction" and that party's "argument that the district court improperly modified or incorrectly construed settlement agreement"); Air Transp. Ass'n v. Lenkin, 899 F.2d 1265, 1267 (D.C. Cir. 1990)(rejecting party's interpretation of lease clause that would produce "nonsensical results"); Durabla Mfg. Co. v. Cont'l Cas. Co., No. 98-1596, 2000 WL 1196319 at *6 (D. Minn. June 9, 2000)(rejecting one party's interpretation of insurance policy as "unpalatable").

Yet, Anacapa asserts that the court rewrote the "notwithstanding clause" in the January 2003 order because, Anacapa explains, "the protection that was to be provided to Anacapa's Background Thermal Transfer Technology ("BTTT") by the inclusion of the notwithstanding clause in Article 10 of the Agreement was taken away by the Order, and it cannot be found anywhere else in the Agreement." (Anacapa's Mem. Opp'n Mot. Partial Summ. J. at 10.) The court, however, previously rejected Anacapa's interpretation that the "notwithstanding clause" was aimed to provide BTTT with

the protections to which Anacapa refers. Because the court rejected that interpretation in its January order and because the court does not reconsider that order,[5] Anacapa's argument fails.

Thus, the court finds no evidence that the court's January 2003 order rendered the "notwithstanding clause" void, invalid or unenforceable. For that reason, the court denies Anacapa's motion for partial summary judgment and grants ADC's motion for partial summary judgment.

**2. The Value of the Agreement was not Substantially Impaired**

Because the court finds no evidence that the "notwithstanding clause" is void, invalid or unenforceable, the court need not consider the second requirement of ¶ 12.3, namely whether the value of the agreement as a whole is substantially impaired. Even assuming, however, that the court were to have held that the court's January 2003 order rendered the "notwithstanding clause" void, invalid or unenforceable, which it does not, the court still would have concluded that Anacapa cannot terminate the agreement

---

[5] Contrary to Anacapa's arguments, a factual dispute does not exist as to whether the court's order is correct. Anacapa states: "ADC has now brought a new summary judgment motion in which one of its factual premises is that the prior Order was correct. (ADC Mem. (6/30/03) at 4-6.) The Court must determine whether that factual premise is the subject of any genuine issue of material fact." (Anacapa's Mem. Opp'n Mot. Partial Summ. J. at 21.) As already discussed, the court declines to reconsider its previous order and thus no material disputed facts exist as to that Order.

because the undisputed evidence illustrates that the second requirement of ¶ 12.3 has not been satisfied.

Anacapa's argument that the court's order substantially impaired the value of the parties' agreement is based upon its erroneous interpretation of the notwithstanding clause and upon its erroneous assumption that the court's January 2003 order is incorrect. Specifically, Anacapa asserts: "By its determination that the notwithstanding clause does not mean what it literally says, the Court swept away virtually all the protection of Anacapa's I/P that was provided anywhere in the Agreement." (Anacapa's Mem. Supp. Mot. Partial Summ J. at 22.) Anacapa further explains: "The loss of the notwithstanding clause vastly diminished ADC's contractual obligation to keep [controls over SPC's use of Anacapa's BTTT] in place, and, by doing so, substantially impaired the value of the Agreement as a whole to Anacapa." (Anacapa's Mem. Law Opp'n ADC's Mot. Partial Summ J. at 12.) As already discussed, however, the court rejected Anacapa's interpretation that the notwithstanding clause was intended to provide special protection to BTTT in its January 2003 order and the court does not reconsider that order. Anacapa's argument that the court's order substantially impaired the value of the parties' agreement therefore fails.

In fact, the undisputed evidence indicates that the agreement's value was not substantially impaired. Anacapa received

significant royalties from the parties' agreement. The court's January 2003 order did not take that monetary value away from Anacapa. Additionally, as discussed in the court's order January 2003 order, ADC took steps to cure its breach by requiring SPC to treat as confidential Anacapa's confidential information. (Order at 10-12.) The court's January 2003 order did not impact ADC's control of SPC's use of Anacapa's confidential information. Anacapa therefore continues to derive benefit from that aspect of the parties' agreement. Because no evidence indicates that the court's January 2003 order substantially impaired the value of the parties' agreement to Anacapa, Anacapa cannot satisfy the requirements for termination under paragraph 12.3. Thus, even if the court had found that the court's January 2003 order rendered the "notwithstanding clause" void, invalid or unenforceable, the court nevertheless would have denied Anacapa's motion for partial summary judgment and granted ADC's cross-motion for partial summary judgment.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Anacapa's motion for partial summary judgment [Docket No. 139) is denied; and

2. ADC's motion for partial summary judgment [Docket No. 146] is granted.

Dated: August 28, 2003

David S. Doty, Judge
United States District Court